**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 10 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEXSEY PREDYBAYLO, | No.   22-15972 |
| Plaintiff-Appellant, | D.C. No.<br>2:19-cv-01243-MCE-CKD |
| v. | |
| COUNTY OF SACRAMENTO; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted July 20, 2023
San Francisco, California

Before:  SILER,** WARDLAW, and M. SMITH, Circuit Judges.

Alexsey Predybaylo appeals the district court's order granting summary

judgment in favor of Deputies Hopeck, Gonzales, Ranum, and Wilson

("Deputies") and Sacramento County (collectively, "Defendants").  Predybaylo

brings two causes of action: individual liability for unlawful use of force under 42

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

U.S.C. § 1983 against the Deputies, and municipal liability against Sacramento County. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court erred in concluding that the Deputies' use of force was "de minimus" because there is a genuine question of material fact as to whether the Deputies' use of force was constitutional. However, we affirm the district court's grant of summary judgment in favor of the Deputies because under the circumstances here, the unlawfulness of the Deputies' conduct was not clearly established. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1076 (9th Cir. 2015) (holding that an appellate court can affirm a district court's decision "on any ground raised below and fairly supported by the record" (citation omitted)).

"[O]fficers are entitled to qualified immunity under § 1983 unless (1) they violate[] a federal statutory or constitutional right, and (2) the unlawfulness of their conduct [is] 'clearly established at the time.'" *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).

As a general rule, we have held that there is a right to be free from the application of non-trivial force while engaging in passive resistance. *See Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1093 (9th Cir. 2013). But clearly established law does not address the situation here, where the pre-trial detainee was arrested for dangerous crimes and appeared to be resisting the Deputies' collection of evidence. Here, Predybaylo was detained after his arrest for possession of

2

firearms, possession of controlled substances, and resisting arrest; Cal. Pen. Code §§ 29800(a)(1)); 30305; 148(a)(1)).  The Deputies subjected him to a control hold that ultimately resulted in a minor traumatic head injury while he appeared to be resisting the collection of his clothes to find further evidence of drugs or weapons. Therefore, existing precedent does not "place the lawfulness of" the Deputies' conduct "'beyond debate.'"  *Wesby*, 138 S. Ct. at 589–90 (quoting *Ashcroft v. al-Kidd,* 563 U.S. 731, 741 (2011)).

2. The district court did not err in granting Defendants' motion for summary judgment as to Predybaylo's municipal liability claim against Sacramento County. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690–91 (1978). There is inadequate evidence to demonstrate that Sacramento County had an unconstitutional policy or custom that resulted in the repeated use of excessive force in the collection of evidence from pretrial detainees.  *See Gordon v. Cty. of Orange*, 6 F.4th 961, 974 (9th Cir. 2021) (noting that for an unwritten policy to be the basis of municipal liability, it must be the "traditional method of carrying out policy" and "may not be predicated on isolated or sporadic incidents" (quoting *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)).

**AFFIRMED.**

3